# Exhibit 7

# AGREEMENT

This agreement ("Agreement") is entered into as of the 8TH day of June, 2011, between: 1) Joel I. Sher, chapter 11 trustee ("Chapter 11 Trustee") in the bankruptcy cases In re TMST, Inc., f/k/a Thornburg Mortgage Inc., Case No. 09-17787, In re TMST Acquisition Subsidiary, Inc., f/k/a Thornburg Acquisition Subsidiary, Inc., Case No. 09-17790, In re TMST Home Loans, Inc., f/k/a Thornburg Homes Loans, Inc., Case No. 09-17791, and In re TMST Hedging Strategies, Inc., f/k/a Thornburg Hedging Strategies, Inc., Case No. 09-17792, all jointly administered in the United States Bankruptcy Court for the District of Maryland (collectively the "Bankruptcy Litigation"); 2) Zuni Investors, LLC ("Zuni Investors"); and 3) U. S. Bank National Association, in its capacity as trustee of the Zuni Mortgage Loan Trust 2006-OA1 (the "Trust") (collectively, the "Parties").

WHEREAS, U.S. Bank National Association ("U.S. Bank"), as successor to LaSalle Bank National Association, acts as trustee (U.S. Bank, not in its individual capacity but solely as trustee, the "Trustee") pursuant to that certain Pooling and Servicing Agreement, dated as of June 1, 2006 (the PSA), among Greenwich Capital Acceptance, Inc., as Depositor, Thornburg Mortgage Home Loans, Inc., as Seller, Wells Fargo Bank, N.A., as Master Servicer and Securities Administrator, Wilmington Trust Company, as Delaware Trustee, and the Trustee, relating to the Zuni Mortgage Loan Trust (2006-OA1) (the "Trust");

WHEREAS, Countrywide Home Loans, Inc. ("Countrywide") originated a number of mortgage loans that were ultimately sold and assigned to the Trust;

WHEREAS, the Trustee, on behalf of the Trust, has authority to enforce on behalf of the Trust the rights and remedies set forth in the PSA, including, but not limited to, the right to compel the repurchase of loans owned by the Trust that fail to satisfy representations and warranties set forth or referenced in the PSA;

WHEREAS, Zuni Investors is the beneficial owner of the Trust and holder of 98% of the Voting Rights in the Trust;

WHEREAS, the Parties agree that an appropriate way to maximize the value of the assets of the Trust is for Zuni Investors, acting on behalf of the Trust, and the Chapter 11 Trustee to pursue against Countrywide the adversary proceeding numbered 11-00337 (Adversary Proceeding) pending in the Bankruptcy Litigation;

WHEREAS, the Parties wish to dispel any question that Zuni Investors, on behalf of the Trust, and the Chapter 11 Trustee have the authority to prosecute the claims in the Adversary Proceeding;

WHEREAS, Zuni Investors has previously directed the Trustee to take certain actions

with respect to the Trust in a letter to the Trustee dated April 11, 2011 and countersigned by the Trustee (the "Direction");

WHEREAS, pursuant to the Direction, the Trustee i) has executed a Joint Prosecution and Cooperation Agreement which was approved by the bankruptcy court that presides over the Bankruptcy Litigation (the "JPCA"), and ii) has delivered a demand letter to the Chapter 11 Trustee regarding certain loans, including Countrywide loans, owned by the Trust and labeled in the Direction as the Problem Loans.

WHEREAS the Direction also directs the Trustee to provide reasonable assistance to Zuni Investors as a party to the JPCA in its prosecution of claims covered by the JPCA; and

WHEREAS, pursuant to Section 1A.04 of the PSA, the Trust has the authority to enter into agreements that are necessary, suitable or convenient to accomplish the purposes of the PSA or incidental thereto or connected therewith;

NOW, THEREFORE, pursuant to Section 1A.04 of the PSA as aforesaid and in consideration of the mutual agreements and understandings set forth herein and such other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties agree as follows:

1. Capitalized terms used but not defined herein, will have the meaning ascribed to them in the PSA.

2. The Trustee hereby transfers, for purposes of prosecuting the Adversary Proceeding, to Zuni Investors, for the benefit of the Trust, and to the Chapter 11 Trustee the authority to exercise any and all rights and remedies that the Trustee has or may have under the PSA to enforce against Countrywide, including, but not limited to, the right to compel Countrywide to repurchase any loans that fail to satisfy representations and warranties set forth or referenced in the PSA.

3. This Agreement, and the transfer made pursuant to paragraph 2 hereof, is subject to the terms of the JPCA, which was approved by the bankruptcy court by order entered on March 31, 2011, and any and all rights of Zuni Investors and the Chapter 11 Trustee arising hereunder are subject to the provisions of the JPCA.

4. Zuni Investors and the Chapter 11 Trustee each agrees and acknowledges that the exercise of the authority transferred pursuant to paragraph 2 hereof is subject to the terms of the PSA and other documents governing or relating to the Trust (the "Trust Documents").

5. Governing Law: Unless preempted by federal law, this Agreement will be governed by and construed in accordance with the laws of the State of Delaware, without regard to Delaware conflict of law provisions.

6. Waiver/Severability: Any waiver, in whole or in part, of any provision of this

Agreement will not be considered to be a waiver of any other provision. If any term of this Agreement is found to be unenforceable or invalid for any reason, all other terms will remain in full force and effect.

7. Authority: Each Party represents and warrants that it has taken all requisite action to approve the execution, delivery and performance of this Agreement and that this Agreement constitutes a legal, valid and binding obligation enforceable against it in accordance with its terms.

8. This Agreement may be executed by facsimile, electronic signature or other electronic medium and in counterparts, each of which when taken together shall constitute an original of this Agreement, fully enforceable and binding on the Parties.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective as of June 8, 2011.

U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee

By: _____

Name: James H. Byrnes

Title: Vice President

TMST, INC.

By: _____
Joel I. Sher
Chapter 11 Bankruptcy Trustee

ZUNI INVESTORS, LLC

By: _____

Name: _____

Title: _____

Agreement will not be considered to be a waiver of any other provision. If any term of this Agreement is found to be unenforceable or invalid for any reason, all other terms will remain in full force and effect.

7. Authority: Each Party represents and warrants that it has taken all requisite action to approve the execution, delivery and performance of this Agreement and that this Agreement constitutes a legal, valid and binding obligation enforceable against it in accordance with its terms.

8. This Agreement may be executed by facsimile, electronic signature or other electronic medium and in counterparts, each of which when taken together shall constitute an original of this Agreement, fully enforceable and binding on the Parties.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective as of June 8, 2011.

U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee

By: _____

Name: _____

Title: _____

TMST, INC.

By: _____
Joel I. Sher
Chapter 11 Bankruptcy Trustee

ZUNI INVESTORS, LLC

By: _____

Name: Robert Stone

Title: Designated Signatory